[No. F056686. Fifth Dist. Nov. 9, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO SANTIAGO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

COUNSEL

Sylvia Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WISEMAN, Acting P. J.**—In the published portion of this opinion, we uphold the trial court's use of Judicial Council of California Criminal Jury Instructions (2007–2008) CALCRIM No. 3550 when instructing the jury, concluding that this standardized instruction does not improperly direct minority jurors to give way to majority jurors or improperly tell the jury that all criminal cases must be decided at some point. The instruction contains none of the flaws determined to be objectionable in *People v. Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997], which disapproved of the use of *Allen*-type instructions (*Allen v. United States* (1896) 164 U.S. 492 [41 L.Ed. 528, 17 S.Ct. 154]) in California.

In the unpublished portion of the opinion, we reject appellant's contention that the prosecutor impermissibly commented on appellant's silence at trial in violation of *Griffin v. California* (1965) 380 U.S. 609 [14 L.Ed.2d 10, 85 S.Ct. 12296] and conclude there is sufficient evidence to sustain the jury's finding that appellant suffered a prior strike conviction.

## *PROCEDURAL AND FACTUAL SUMMARIES*

Appellant Pedro Santiago was convicted after a jury trial of possession of methamphetamine and resisting arrest. In a bifurcated trial, the jury found that Santiago had suffered one prior strike conviction within the meaning of

Penal Code[1] section 667, subdivisions (c) through (j), and that he had served eight prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court, after striking two of the prior prison-term enhancements and the prior strike conviction, sentenced Santiago on the possession charge to a total term of eight years in state prison (the middle term of two years, plus six, one-year terms for the remaining prior prison terms). The court imposed a 90-day concurrent term on the resisting arrest count.

Santiago was arrested and charged after a Delano City police officer stopped a car in which he was a passenger. The car had a cracked windshield and lacked a front license plate. After noting the car's condition, the officer recognized Santiago as someone with an outstanding warrant who had been alleged to be armed and dangerous. When the officer initiated the traffic stop, the car did not immediately pull over. When it did, Santiago refused to follow the officer's instructions to stay in the car and to keep his hands visible. Santiago ultimately was tased by the officer. When the passengers were removed, the officer found methamphetamine in the middle of the passenger seat where Santiago had been sitting.

## DISCUSSION

### I. CALCRIM No. 3550

Santiago claims that the court erred when it included in the instruction to the jury standardized CALCRIM No. 3550 over defense counsel's objection. He claims that the instruction led to a jury verdict that was not based upon the evidence and arguments presented at trial. He argues that the instruction suggested instead that minority jurors give way to the opinions of majority jurors and to consider in deliberations that all criminal cases must be decided at some point. According to Santiago, CALCRIM No. 3550 is an impermissible *Allen*[2]-type instruction.

As given, CALCRIM No. 3550 reads as follows:

"When you go into the jury room, the first thing you should do is select a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is your duty to talk with one another and to deliberate in the jury room. You should try to agree on a verdict, if you can. Each of you must decide the case for yourself but only after you have discussed the evidence with the other jurors.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] *Allen v. United States, supra,* 164 U.S. 492 (*Allen*).

"Do not hesitate to change your mind if you become convinced that you are wrong. But do not change your mind just because other jurors disagree with you. Keep an open mind and openly exchange your thoughts and ideas about this case. Stating your opinions too strongly at the beginning or immediately announcing how you plan to vote may interfere with an open discussion. [¶] . . . Your role is to be impartial judges of the facts . . . ."

CALCRIM No. 3550 is a predeliberation instruction, given before the matter is submitted to the jury. In contrast, the instruction given in *Allen, supra,* 164 U.S. 492, was drafted in an attempt to avoid a deadlocked jury. It was given during deliberations after the jury reported that it could not reach a verdict. There were a number of statements made by the court to the jury in *Allen* that were designed to prevent the deadlock. Among them, the instruction advised the minority jurors to consider the expressed opinions of the majority jurors. In addition, the minority jurors were told to consider whether any doubt they might have was reasonable given that other equally honest and intelligent jurors were convinced otherwise. The instruction also told the deadlocked jurors they had a duty to decide the case. (*Id.* at p. 501.)

■ In *People v. Gainer, supra,* 19 Cal.3d 835 (*Gainer*), the California Supreme Court disapproved of the use of *Allen*-type instructions. The court in *Gainer* held that an *Allen*-type instruction was impermissible in California because it "instructs the jury to consider extraneous and improper factors, inaccurately states the law, carries a potentially coercive impact, and burdens rather than facilitates the administration of justice . . . ." (*Gainer, supra,* at pp. 842–843.)

■ There are three common recognized features to an *Allen*-type instruction, although these features will often appear with different nuances. First, the instruction generally contains a discriminatory admonition to minority jurors to rethink their position in light of the majority's views. Second, there is often an inaccurate assertion that the case must at sometime be decided, ignoring the prosecution's option to dismiss after a mistrial. A third common feature is a reference to the expense and inconvenience of a retrial. (*Gainer, supra,* 19 Cal.3d at pp. 845, 852.) In disapproving the *Allen*-type charge, the court ruled, "it is error for a trial court to give an instruction which either (1) encourages jurors to consider the numerical division or preponderance of opinion of the jury in forming or reexamining their views on the issues before them; or (2) states or implies that if the jury fails to agree the case will necessarily be retried." (*Gainer, supra,* at p. 852, fn. omitted.)

■ We reject Santiago's contention that CALCRIM No. 3550 falls within the same category as the instruction disapproved in *Gainer*. CALCRIM No. 3550 does not raise any of the concerns identified in *Gainer*. It is not

directed at a deadlocked jury. It does not improperly direct a deadlocked jury that it is required to reach a verdict. It does not place any constraints on an individual juror's responsibility to consider and weigh the evidence. It does not coerce the jurors into abdicating their independent judgment to majority jurors for expediency. It does not encourage jurors to look at the numerical split in determining whether to hold fast to their views of the evidence. It does not suggest that a failure to reach a verdict will result in an expensive retrial. (See *People v. Brown* (2004) 33 Cal.4th 382, 393 [15 Cal.Rptr.3d 624, 93 P.3d 244]; *People v. Engelman* (2002) 28 Cal.4th 436, 439–440 [121 Cal.Rptr.2d 862, 49 P.3d 209].) Telling a jury it should reach a verdict if it can, before deliberations begin, is not coercive. Similar language has been approved in this state. (*Gainer, supra*, 19 Cal.3d at p. 856 [approving similar language in CALJIC No. 17.40]; *People v. Whaley* (2007) 152 Cal.App.4th 968, 975, 982 [62 Cal.Rptr.3d 11] [words "if you can" suggest jury may reach deadlock and do not tell jurors they must reach verdict]; *People v. Moore* (2002) 96 Cal.App.4th 1105, 1121 [117 Cal.Rptr.2d 715] [telling jury it should deliberate with goal of reaching verdict if it could do so without violence to individual judgment did not direct jury to reach verdict or place constraints on individual juror's responsibility].)

■ In reviewing a challenge to the instructions given to a jury, the appellate court considers the entire charge, not parts of a particular instruction. (*People v. Castillo* (1997) 16 Cal.4th 1009, 1016 [68 Cal.Rptr.2d 648, 945 P.2d 1197]; *People v. Zepeda* (2008) 167 Cal.App.4th 25, 31 [83 Cal.Rptr.3d 793].) The remaining portions of CALCRIM No. 3550 instruct the jurors that they each must decide the case for themselves and that they should not change their minds just because other jurors disagree. In other instructions, the court told the jurors in this case that there is always a possibility that the jury would not be able to reach a verdict. In addition, the jury was instructed that facts could be proved by direct or circumstantial evidence and that the jurors must decide whether a fact in issue has been proved based on all the evidence. The jury understood its responsibility.

■ "The basic question [under *Allen* and *Gainer*] . . . is whether the remarks of the court, viewed in the totality of applicable circumstances, operate to displace the independent judgment of the jury in favor of considerations of compromise and expediency. Such a displacement may be the result of statements by the court constituting undue pressure upon the jury to reach a verdict, whatever its nature, rather than no verdict at all." (*People v. Carter* (1968) 68 Cal.2d 810, 817 [69 Cal.Rptr. 297, 442 P.2d 353], abrogated on other grounds by *Gainer, supra*, 19 Cal.3d at pp. 851–852; see also *People v. Rodriguez* (1986) 42 Cal.3d 730, 775 [230 Cal.Rptr. 667, 726 P.2d 113].)
■ CALCRIM No. 3550 has none of the fatal flaws identified in *Gainer*, and none of the concerns in *Gainer* are reflected in the overall instructions given to the jury in this case.

II.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Gomes, J., and Hill, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 24, 2010, S178948. Baxter, J., did not participate therein.

---

*See footnote, *ante*, page 1471.